J-S57020-15

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KELLY SPILLMAN | |
| Appellant | No. 3366 EDA 2014 |

Appeal from the PCRA Order November 7, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0808261-2006

BEFORE:  MUNDY, J., OTT, J., and STABILE, J.

MEMORANDUM BY OTT, J.:                    **FILED JANUARY 12, 2016**

Kelly Spillman[1] appeals from the order entered on November 7, 2014, in the Court of Common Pleas of Philadelphia County, denying him relief on portions of his petition filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq*.  In this timely appeal, Spillman raises four issues, all of which arise from his claim that he was improperly convicted and sentenced on a charge of criminal mischief, 18 Pa.C.S. § 3304(a)(4).  Following a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm.

The relevant factual and procedural history is as follows:

---

[1] Throughout the certified record, the spelling of Spillman's name changes from 'Spilman' to 'Spillman.'  Spillman himself uses both spellings.  We will use Spillman because that is the spelling he used in his *pro se* appellant's brief.

On June 10, 2006, Philadelphia Police Officer Jeffrey Rabinovitch, mistakenly believed that Spillman was a husband who was reportedly violating a PFA. This mistaken belief was based upon the officer's personal knowledge of the domestic disturbance and the fact that Spillman was occupying a similar vehicle, a Dodge pickup truck, which the offending husband regularly drove. Based upon the belief that the truck belonged to the husband, Officer Rabinovitch ran the license plates. Officer Rabinovitch learned the truck did not belong to the husband, but that the truck Spillman was driving had been stolen some months before. As Officer Rabinovitch approached the stolen truck, Spillman looked out of the driver's side window, looked at the officer, said "goodbye" and fled. A high-speed chase ensued, involving police officers from Philadelphia, Tinicum Township, and Ridley Park. Spillman eventually drove in speeds of excess of 100 m.p.h. on I-95 and eventually drove the wrong way on I-95. The chase ended when Spillman intentionally crashed the truck head-on into the police car occupied by Tinicum Township Police Officer Adam Barraclough. The crash caused more than $8,000.00 in damages to the police car and injured Officer Barraclough. Spillman represented himself at a bench trial before the Honorable Thomas Dempsey. Spillman was convicted of aggravated assault, resisting arrest, criminal mischief, simple assault, recklessly endangering

another person (REAP), and fleeing or attempting to elude a police officer. He received an aggregate sentence of three to ten years' incarceration on December 17, 2007.[2]

A counseled direct appeal, in which Spillman challenged the sufficiency of the evidence regarding aggravated assault, as well as the allegedly excessive nature of his sentence, afforded him no relief. **See Commonwealth v. Spilman** [sic], 47 A.3d 1253 (unpublished memorandum) (Pa. Super. March 12, 2012). Spillman then filed a *pro se* PCRA petition raising, in relevant part, his current claims regarding his conviction of criminal mischief. Appointed counsel filed an amended PCRA petition that alleged Spillman's sentences for REAP and simple assault should have merged with aggravated assault. The amended petition did not address Spillman's claim regarding criminal mischief. The PCRA court agreed that the simple assault and aggravated assault charges should have merged, but denied merger regarding REAP. Accordingly, the PCRA court vacated Spillman's sentence for simple assault, although the sentence was already concurrent with the three to ten year sentence for aggravated assault.

Spillman then filed this *pro se* appeal, in which he claimed PCRA counsel was ineffective for failing to raise his claim regarding criminal

---

[2] All underlying facts of this matter have been taken from the notes of testimony from the trial, held on June 15, 2007, October 9 and 11, 2007.

mischief, as well as restating his substantive arguments regarding criminal mischief. We initially remanded this matter for a **_Grazier_**[3] hearing to determine whether Spillman had knowingly and voluntarily chosen to represent himself. The PCRA court has determined Spillman's self-representation is proper and this matter has been returned to us for substantive review.

Spillman raises four claims, all of which are based upon the same, untenable allegation, that he was charged and convicted of criminal mischief, under 18 Pa.C.S. § 3304(a)(4), regarding defacing or damaging tangible property with graffiti. Pursuant to Section 3304(b), that crime is a summary offense unless the Commonwealth proves the graffiti caused a pecuniary loss in excess of $150.00, in which case the crime is graded as a third-degree misdemeanor. As such, he claims: (1) there was no evidence of graffiti, therefore, there was insufficient evidence to support the conviction; (2) his three-to-seven year term of incarceration for criminal mischief was illegal for either a summary offense or third-degree misdemeanor; (3) the order for restitution for $8,959.00 damage to Police Officer Barraclough's car was illegal; and (4) his PCRA counsel was ineffective for failing to raise these issues.

_____

[3] **_Commonwealth v. Grazier_**, 713 A.2d 81 (Pa. 1998).

Our standard of review of the denial of a petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error.

***Commonwealth v. Smith***, 121 A.3d 1049, 1052 (Pa. Super. 2015) (citation omitted).

Preliminarily, we note the Commonwealth has asserted that Spillman is no longer serving his sentence for criminal mischief, and therefore, is not eligible for PCRA relief regarding that conviction. ***See Commonwealth v. Stultz***, 114 A.3d 865, 872 (Pa. Super. 2015) (petitioner must be serving sentence for **relevant** crime to obtain PCRA relief).[4]   Spillman was sentenced in December 2007.   The maximum sentence for Spillman's criminal mischief conviction was seven years.  Even though Spillman is still serving a sentence for aggravated assault, he has completed his sentence for criminal mischief and is no longer eligible for PCRA relief regarding that conviction.  Accordingly, the instant claims are not cognizable.  In any event,

_____

[4] ***See also***, 42 Pa.C.S. § 9543(a)(1)(i), which states:

**a) General rule.--**To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:

(1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:

(i) **currently serving a sentence of imprisonment, probation or parole for the crime**;

42 Pa.C.S.§ 9543(a)(1)(i) (emphasis added).

assuming *arguendo*, Spillman cam be considered to be still serving the criminal mischief sentence because it was concurrent with the sentence on aggravated assault, no relief is due.

Spillman has raised his issues both individually and under the umbrella of ineffective assistance of counsel. Regarding ineffective assistance of counsel, the PCRA court did not address any of Spillman's issues in its Pa.R.A.P. 1925(a) opinion, claiming they were not raised in the amended PCRA petition, and were therefore waived. A similar issue was presented to our Court in **Commonwealth v. Ford**, 44 A.3d 1190 (Pa. super. 2012). After Ford was provided an evidentiary hearing on his PCRA claims, which were denied, he claimed in his Pa.R.A.P. 1925(b) statement of matters complained of on appeal that PCRA counsel was ineffective for failing to raise certain issues. A panel of our Court determined that such claims could not be raised for the first time on appeal:

> Therefore, we hold that, absent recognition of a constitutional right to effective collateral review counsel, claims of PCRA counsel ineffectiveness cannot be raised for the first time after a notice of appeal has been taken from the underlying PCRA matter.

**Commonwealth v. Ford**, 44 A.3d 1190, 1201 (Pa. Super. 2012).

Regarding the individual claims, the PCRA court also recognized the general prohibition against raising arguments for the first time on appeal. See Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.") The PCRA court aptly noted that PCRA counsel was aware of the issues regarding the grading of criminal

mischief and opted not to raise them. Rather, PCRA counsel properly raised a meritorious merger issue.

Because Spillman did not raise the instant claims until he filed his 1925(b) statement of matters complained of an appeal, he did not raise them in a timely manner. Accordingly, the instant claims are waived.

Finally, we note that even if we were to address the merits of Spillman's claims, he would not be entitled to relief. Spillman argues he was charged with and convicted of criminal mischief under Section 3304(a)(4), regarding damaging or defacing tangible property with graffiti. Pursuant to Section 3304(b), a conviction under Section 3304(a)(4) cannot rise above a third–degree misdemeanor. Our review of the certified record confirms that this argument is based wholly upon a scrivener's error found in sentencing documents. The criminal complaint, relevant Bill of Information, and notes of testimony all confirm that Spillman was charged with criminal mischief as a third degree felony, specifically, that he intentionally or recklessly caused more than $5,000.00 in damages to Police Officer Barraclough's police car. The certified record is bereft of any mention of damage caused to any property by graffiti.

Although both the Trial Disposition and Dismissal Form, dated 10/11/2007, and the Court Commitment Form, dated 12/17/2007, make reference to 18 Pa.C.S.§ 3304(a)(4), both documents also refer to the

criminal mischief charge as a third-degree felony. The grading of the crime

is consistent with all charging documents and with notes of testimony.[5]

_____

[5] The Bill of Information stated, in relevant part:

> The District Attorney of Philadelphia by this information charges that on or about 6/10/06 in Philadelphia, Kelly Spilman [sic]
>
> 1. Damaged tangible property of another intentionally, recklessly, or by negligence in the employment of fire, explosives, or other dangerous means listed in 18 Pa.C.S. 3302(a)
>
> 2. Intentionally or recklessly tampered with tangible property of another so as to endanger person or property
>
> 3. Intentionally or recklessly caused another to suffer pecuniary loss by deception or threat
>
> 4. Furthermore, the actor intentionally caused pecuniary loss in excess of $5,000 or a substantial interruption or impairment of public communication, transportation, supply of water, gas or power, or other public service.
>
> . . . .
>
> Owner or custodian P/O Barrowclough [sic]

Bill of Information, 9/1/2006, at 2.

The first three paragraphs of the Bill of Information mirror the statutory language of the first three paragraphs of 18 Pa.C.S. § 3304(a)(1)-(3). Paragraph (4) of the Bill of Information mirrors the grading language found at 18 Pa.C.S. § 3304(b), and is the basis for grading the crime as a third degree felony. Paragraph (4) of the Bill of Information does NOT charge Spillman with damaging property with graffiti. Most likely the error in the sentencing documents is simply a mistaken reference to paragraph (4) of the Bill of Information, not a reference to 18 Pa.C.S. § 3304(a)(4).

Accordingly, even if we addressed the substance of Spillman's claims, he would not be entitled to relief.

Order affirmed. Motion to amend denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/12/2016